UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH D. GOIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-2471-B |
| | § | |
| CAROLYN W. COLVIN, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Interested Party. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Kenneth D. Goin's opposed Motion for Attorney Fees under the Equal Access to Justice Act (doc. 22), filed on March 25, 2013, and related Request for Supplement Award (doc. 24), filed with Plaintiff's reply briefing on April 22, 2013. Defendant Carolyn Colvin, the Commissioner of Social Security,[1] opposes the Motion in several respects. For the reasons stated below, the Motion is **GRANTED** in its entirety.

I.

BACKGROUND

---

[1] Carolyn W. Colvin now serves as the Acting Commissioner of Social Security, replacing Michael J. Astrue. Pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g), Colvin is substituted for Astrue as Defendant in this case.

Plaintiff brought this action for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 405(g), and for Supplemental Social Security Income benefits under Title XVI of the Act, 42 U.S.C. § 1383(c). Doc. 1, Compl. at 1-2. Plaintiff's medical records indicate that at various times he had suffered from a bulging disc producing marginal central spinal canal narrowing, severe hypertension, coronary artery occlusive disease, a myocardial infarction, congestive heart failure, severe ischemic cardiomyopathy, and anxiety with depression. Doc. 19, F&R at 2. Plaintiff alleged that he could no longer work and filed a claim for disability insurance benefits and supplemental income with the Social Security Administration. The Administrative Law Judge ("ALJ") found that Plaintiff had not engaged in gainful activity since the alleged disability onset date (step one); that his degenerative disc disease and hypertension were sever impairments since February 2003 and that his coronary artery disease was a severe impairment after September 13, 2009 (step two); that these impairments did not meet or equal a listed impairment under 20 C.F.R. Pt. 404, Subpt. P, App. 1 (step three); that prior to but not after September 13, 2009, Plaintiff was capable of performing his prior work (step four); that prior to but not after September 13, 2009, Plaintiff could also perform other jobs (step five). *Id.* at 3-4. Accordingly, the ALJ concluded that Plaintiff became disabled on– but not before–September 13, 2009. *Id.* at 4. The ALJ denied Plaintiff's disability claim in its entirety and denied most of the supplemental income claim at step four. *Id.* The Appeals Council declined to review the ALJ's decision.

Plaintiff appealed the ALJ's decision by filing his Complaint in federal court. Doc. 1, Compl. The matter was referred to Magistrate Judge Toliver, who entered Findings and Recommendations (doc. 19) that the Commissioner's decision be reversed and remanded. The Findings recognized that Plaintiff raised six issues on appeal, including whether (1) the ALJ applied an improper legal standard

in determining that Plaintiff's coronary artery disease was a "nonsevere impairment" before September 13, 2009, (2) whether the ALJ's onset date finding was supported by substantial evidence, (3) whether the ALJ was required to call a medical advisor to determine onset dates, (4) whether the ALJ's determinations regarding Plaintiff's abilities on or before September 13, 2009 was supported by substantial evidence, (5) whether the ALJ erred in failing to address the treating physician's medical opinions, and (6) whether the ALJ's failure to follow the psychiatric review technique regulation justifies reversal and remand. Doc. 19, F&R at 5-6. The Magistrate Judge concluded that "reversal is plainly warranted based on Claim 6," because Plaintiff's treating physician had recorded Plaintiff's anxiety and depression, but those conditions were not acknowledged by the ALJ or considered in his decision. *Id.* at 6-8. The Magistrate Judge declined to address Plaintiff's remaining arguments, given that reversal was required under the sixth argument. *Id.* at 6.

Without no objections filed to the Findings and Recommendations, this Court reviewed the recommendation for plain error. Doc. 20, Order. On March 19, 2013, this Court adopted the Magistrate Judge's Findings and Recommendations and entered a judgment reversing the ALJ's decision and remanding for further proceedings. *Id.*; doc. 21, J.

On March 25, 2013, Plaintiff filed a Motion for Attorney Fees (doc. 22) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, alleging that Defendant has failed to satisfy its burden to prove that the Social Security Administration's position was "substantially justified" and that Plaintiff, as the prevailing party, is entitled to attorney's fees. Plaintiff seeks a total of $15,261.40 in litigating this action. Doc. 24, Reply. Defendant opposes the amount of fees requested by Plaintiff. Doc. 23, Resp.

## II.

## LEGAL STANDARD

The Equal Access to Justice Act provides for the award of court costs and attorney's fees to the "prevailing party" in a judicial review of agency action, unless the position of the United States was "substantially justified" or "special circumstances" would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who wins a remand order in a social security disability case is a "prevailing party" under the EAJA. *Rice v. Astrue*, 609 F.3d 831, 833-34 (5th Cir. 2010); *Baker v. Bowen*, 839 F.2d 1075, 1081 (5th Cir. 1988). Because Plaintiff successfully achieved a reversal and remand of the Commissioner's decision, Plaintiff is considered the "prevailing party" in this action. Plaintiff also demonstrates that his net worth does not exceed the ceiling in 28 U.S.C. § 2412(d)(2)(B). Doc. 22, Mot at 1 (citing doc. 22-1, Goin Aff.). There are no special circumstances in the instant case that would make an award of attorney's fees unjust. Thus, the only question before the Court is whether the Government's position was "substantially justified."

In order to be substantially justified, the Commissioner's position must have a reasonable basis in law and in fact. *Broussard v. Bowen*, 828 F.2d 310, 312 (5th Cir. 1987); *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government bears the burden of proving that its position was substantially justified at every stage of the proceedings. *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) (citing *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986)); *see Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995) (stating that the government must show that it was substantially justified with respect to the issue on which the court based its remand). The ALJ's decision is part of the agency's position and must also be substantially justified. *Cummings v. Sullivan*, 950 F.2d 492, 497 (7th Cir. 1991); *Herndon v. Comm'r of Soc. Sec.*, No. 3:08-CV-21-WAP-DAS, 2009 U.S. Dist. LEXIS 103708,

at *3-4 (N.D. Miss. Sept. 14, 2009). The mere fact that the Commissioner's position was ultimately rejected does not result in an automatic finding of no substantial justification. *Underwood*, 487 U.S. at 566 n.2.

### III.

### ANALYSIS

Plaintiff moves for an award of fees under the EAJA. Doc. 22, Mot. Multiplying an hourly rate of $185.75 by the 79.2 hours of work expended and adding an expert witness fee and filing fee, Plaintiff contends that he should be awarded $15,261.40 under the EAJA. Doc. 22, Mot. at 10; doc. 24, Reply at 11 (updating fee award to include costs of the EAJA Reply brief).

Defendant admits that Plaintiff is the prevailing party and is entitled to some fee award, but opposes the Motion in part on three bases: (1) that Defendant was substantially justified in some of its arguments presented to this Court and, therefore, Plaintiff's fees spent in litigating those issues should not be awarded, (2) that Plaintiff has applied an incorrect hourly rate in calculating his fee amount, and (3) that, despite Plaintiff's counsel's request to the contrary, fees are payable to the litigant and not his attorney. Doc. 23, Resp. at 5-10. Altogether, Defendant contends that Plaintiff is entitled to no more than $9,840.41 under the EAJA. *Id.* at 10. The Court addresses each of Defendant's arguments, in turn, below.

A.   *Substantial Justification and Hours Worked*

Plaintiff moves for fees under the EAJA on the basis that Defendant's position was not substantially justified in that it did not have "a reasonable basis in both law and fact." Doc. 22, Mot. at 2 (citing *Underwood*, 487 U.S. at 565-66). Defendant admits that it was not substantially justified with respect to some of its positions in this action, including the basis for reversal and remand, but

nevertheless argues that some of its positions on the numerous issues on appeal were substantially justified. Doc. 23, Resp. at 5-8. Defendant thus concludes that Plaintiff should not be awarded fees for the work performed on the several issues for which Defendant had a reasonable legal and factual basis for its argument. *Id.* In calculating a reduction of fees, Defendant divides the amount of hours spent by Plaintiff on his briefing by the number of pages in the briefs, determining that Plaintiff spent an average of 1.5 hours per page on the original brief and .75 hours on the reply brief. Defendant reduces Plaintiff's overall hours by multiplying 1.5 or .75 by the number of pages in the briefs spent on Defendant's "justified" arguments. *Id.* at 5. Defendant also contends that the $200 expert fee should not be reimbursable because the expert's opinion had no bearing on the ALJ's decision. *Id.* at 7. In sum, Defendant argues that Plaintiff is entitled to reimbursement on only 54.95 hours of the alleged 79.2 hours worked. *Id.* at 8.

The Court agrees with Plaintiff that the substantial justification defense is an all-or-nothing defense. In other words, the government cannot reduce Plaintiff's EAJA fee award on an argument-by-argument basis.[2] *See, e.g., Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995) ("As the prevailing party, [the claimant] is entitled to attorney's fees unless the Secretary shows that her position *with respect to the issue on which the court based its remand* was 'substantially justified.'" (emphasis added)); *Hardisty v. Astrue*, 592 F.3d 1072, 1077-78 (9th Cir. 2010); *Hooker v. Astrue*, 3:08-CV-445-B, 2010 U.S. Dist. LEXIS 99116, at *4 (N.D. Tex. Sept. 20, 2010) (citing *Flores*). Besides the fact that

---

[2]Some courts follow a "totality of the circumstances" test for the substantial justification defense, "looking at the entirety of the government's position in litigation when determining substantial justification." *See Williams v. Astrue*, 595 F. Supp. 2d 582, 585-586 (E.D. Pa. 2009) (citing cases from the Fourth and Seventh Circuits and comparing with the Ninth Circuit). The government here, however, does not encourage the Court to adopt a totality test, but rather the opposite extreme of an argument-by-argument test. Nor does the government argue that its position, as a whole, was substantially justified.

Defendant's mathematical method of reducing Plaintiff's hours is unreliable, Defendant's interpretation of the application of the substantial justification defense creates a dangerous slippery slope. Carried to its logical extreme, Defendant's theory could, in practice, dissuade a claimant's counsel from raising numerous potentially meritorious arguments for which the government might have an ultimately unsuccessful but otherwise reasonable defense. Although these additional arguments might bolster the claimant's case, those arguments may not be reimbursable under a number of circumstances, including situations like this one where the Court never reviews the issues because there is a more compelling argument requiring remand. Defendant's position controverts the central purpose of the EAJA, *see I.N.S. v. Jean*, 496 U.S. 154, 164-65 (1990), since it may force counsel to limit the number of potentially meritorious issues to raise or may discourage counsel from accepting cases that though legally unreasonable on their face would nevertheless likely never result in payment. Defendant fails to identify any support for its argument-by-argument use of the substantial justification defense. Defendant also fails to provide support for its method of calculating and reducing Plaintiff's hours under its theory.

Defendant does provide argument and support for the reasons why some of its positions were allegedly reasonable. However, because the Court does not accept Defendant's argument-by-argument application of the substantial justification defense, the Court need not consider the merits of Defendant's arguments. As an aside, the Court notes that adopting Defendant's interpretation of the defense would essentially require the Court to reopen the summary judgment briefing and the administrative record to determine whether each of Defendant's and the ALJ's positions were, indeed, justified. The Court originally declined to review each issue raised on appeal in light of the clear need for remand and reversal on the sixth claim and to avoid wasting the Court's resources by

addressing issues that would not affect the Court's ultimate disposition. Defendant's theory, however, would require the Court to rule on each issue raised on appeal, even if not necessary to the judgment on the merits, in order to determine the amount of fees Plaintiff may be entitled to. This would inappropriately "require[] the district court to decide whether government positions it may not have evaluated at all were in fact substantially justified[, which] puts the district court in the position of conducting essentially de novo review of the entire case for purposes of the fee litigation, contrary to the command against 'spawning a second litigation' of the Supreme Court and to the far more streamlined 'substantial justification' review envisioned by the EAJA itself." *Hardisty*, 592 F.3d at 1078 (internal alterations omitted); *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 609 (2001) ("[A] request for attorney's fees should not result in a second major litigation." (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983))).

Plaintiff identifies numerous other shortcomings of Defendant's invocation of the substantial justification defense, but the Court need not consider each of these problems. Defendant has not argued that it was substantially justified on the issue that ultimately elicited the reversal and remand, and the Court will not permit Defendant to take an argument-by-argument approach to its defense. *Flores*, 49 F.3d at 569. Accordingly, the Court concludes that Defendant was not substantially justified in its position.

B.     *Rate Calculation*

Plaintiff's Motion requests that the Court utilize an hourly rate of $185.75 in calculating the fees owed to him. Doc. 22, Mot. at 2-3. Plaintiff points to the March 1996 statutory cap of $125/hour, 28 U.S.C. § 2412(d)(1)(A), which may be adjusted for the increase in the cost of living. *Id.* Plaintiff attaches the United States Department of Labor's Bureau of Labor Statistics' Consumer

Price Index ("CPI") data, indicating the national inflation rates of each month since March 1996. Doc. 22-2, Ex. B at 2. According to the CPI, the cost of living increased 48.6% from March 1996 to September 2012 (when the majority of work in this case was allegedly performed). Taking the increase into account, the $125 rate becomes $185.75.

Defendant disputes Plaintiff's calculation of the hourly rate. Doc. 23, Resp. at 8-9. Although Defendant concedes that it has accepted this rate in the past and that this Court has previously approved this rate, Defendant seeks a lower rate based on a regional inflation index. *Id.* Specifically, Defendant states that Plaintiff has used the national CPI inflation data, rather than the more appropriate Dallas-Fort Worth area CPI inflation rate. Defendant attaches the Bureau of Labor Statistics' CPI for the Dallas-Forth Worth area. Doc. 23-1, Ex. 1. Basing its calculation on the average annual inflation for the years 1996 and 2012, Defendant calculates a fee rate of $172.71. Doc. 23, Resp. at 9.

Plaintiff replies with numerous cases supporting the use of the national CPI, rather than regional CPIs, in calculating inflation given that regional indexes are less reliable. Specifically, regional CPIs are gathered less frequently, use smaller samples, and are more volatile than the national index. Doc. 24, Reply at 8-9. Plaintiff further contends that because Plaintiff is an interstate attorney and only a small percentage of his work occurs in Dallas, the national rate is the more appropriate and consistent rate applied to him. *Id.* at 9. Finally, Plaintiff notes that Defendant has approved the use of the national index in other circumstances where it is more beneficial to the government. *See, e.g.*, *Quint v. Barnhart*, No. 05-135-B-W, 2006 WL 1495004 (D. Me. May 25, 2006) (explaining that the Commissioner requested that the court use the national CPI data, which

resulted in a lower rate, while the plaintiff sought a higher rate under regional CPI data, and noting that the national CPI data was a more reliable and uniform source).

Plaintiff next explains that, even if the Court were to utilize the Dallas CPI, Defendant's arithmetic is incorrect. Defendant calculates the increase in cost of living based on the averages for 1996 and 2012, rather than the more specific month-to-month periods of March 1996 to September 2012. *Id.* at 7-8. Using a monthly Dallas CPI calculation, Plaintiff alleges that the correct rate would be $180.21, not $172.71.

The Court concludes that, in this case, the application of the national CPI is appropriate. Although Defendant cites cases permitting the use of local CPI indexes, those cases do not require the use of a national or regional index, but merely hold that it is not error for courts to apply a local index. *See Lopez v. Astrue*, 236 F. App'x 106 (5th Cir. 2007); *Yoes v. Barnhart*, 467 F.3d 426 (5th Cir. 2006). Given the government's concession that it and this Court have accepted the national CPI rates in the past and given Plaintiff's interstate and inter-regional practice as well as concerns for consistency and reliability, the Court determines that the national CPI will apply here. Further, since the government did not oppose Plaintiff's use of specific month-to-month averages rather than annual averages under the CPI, the Court accepts Plaintiff's arithmetic. The requested hourly rate of $185.75 shall be used.

C. *Receipt of Payment*

Finally, the Court rejects Plaintiff's counsel's position that the fee award should be paid to counsel instead of paid to Plaintiff. Doc. 22, Mot. at 8-9. The Supreme Court recently held that a fee award under the EAJA must be paid to the litigant rather than to his attorney. *See Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). Although Plaintiff cites other recent cases permitting an EAJA award

to be made payable to an attorney under certain circumstances, the government aptly identifies the potential need to amend a final judgment should the government later learn within the relevant time frame that it is entitled to offset EAJA fees to pay a debt to the government. Doc. 23, Resp. at 10. The Court concludes that the must prudent course is to follow the express holding of *Ratliff* and require that EAJA fees be made payable to Plaintiff and not his counsel. It will thereafter fall upon Plaintiff to satisfy whatever obligations he has with respect to paying his counsel for litigating this action.

## IV.

## CONCLUSION

The Court concludes that Plaintiff's Motion for Attorney Fees (docs. 22, 24) is **GRANTED**. Accordingly, it is **ORDERED** that Defendant award to Plaintiff the fees and costs incurred by Plaintiff's counsel in litigating this action, in the amount of $15,261.40. Payment shall be made **within thirty (30) days from the date of this Order** with interest to accrue thereafter if payment is not made by such date.

SO ORDERED.

SIGNED: April 29, 2013

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE